IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTINA ELAINE BUTLER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ONEWEST BANK, FSB; INDYMAC ) <br> BANK, FSB; ROUTH CRABTREE AND ) <br> OLSEN, PS; and DOE DEFENDANTS ) <br> 1 THROUGH 20, ) <br> ) <br> Defendants. ) <br> ) | Civ. No. 10-00300 HG-KSC |

**ORDER GRANTING DEFENDANTS ONEWEST BANK AND**
**ROUTH CRABTREE AND OLSEN'S MOTION TO DISMISS (DOC. 5)**

Plaintiff Christina Elaine Butler, proceeding *pro se*, brought suit against Defendants ONEWEST Bank, FSB; Indymac Bank, FSB; and Routh Crabtree and Olsen, PS.  Plaintiff seeks to prevent the non-judicial foreclosure of her property in Kailua-Kona, Hawaii.  While Plaintiff's Complaint is difficult to interpret, it appears to allege claims for unfair and deceptive trade practices, in violation of Hawaii Revised Statutes Chpt. 480, and fraud, in violation of 18 U.S.C. §§ 1341–1348. The Plaintiff appended two inches of documents, which contain no indication of their relevance to the Complaint.

Defendants ONEWEST Bank, FSB, and Routh Crabtree and Olsen, PS, move to dismiss Plaintiff's Complaint, or in the alternative, for a more definite statement.  Defendants' motion to dismiss is **GRANTED**.  The request for a more definite statement

1

is **DENIED**.

**PROCEDURAL HISTORY**

On May 21, 2010, Plaintiff Christina Elaine Butler filed a Complaint. (Doc. 1.)

On July 2, 2010, Defendants ONEWEST Bank, FSB and Routh Crabtree and Olsen, PS filed a motion entitled, "Motion To Dismiss, Or In The Alternative, For A More Definite Statement." (Doc. 5.)

On July 22, 2010, Defendants filed a Reply. (Doc. 7.)

The matter came for a hearing on August 5, 2010. Counsel for Defendants ONEWEST Bank and Routh Crabtree and Olsen appeared in person. Plaintiff, proceeding *pro se*, participated by telephone.

**STANDARD OF REVIEW**

**I.   Standard Of Review For The Motion To Dismiss.**

An allegation fails to state a claim upon which relief may be granted if it is clear that plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).

The court must accept the complaint's allegations as true, Hosp. Bldg. Co. v. Rex Hosp. Tr., 425 U.S. 738, 740 (1976), construe pleadings in the light most favorable to plaintiff, and

resolve all doubts in plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Bernhardt v. L.A. County, 339 F.3d 920, 925 (9th Cir. 2003) (the court must construe *pro se* pleadings liberally and afford *pro se* litigants the benefit of any doubt). The court, however, is not required to accept as true any conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

If a pleading can be cured by the allegation of additional facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal. Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*); Lucas v. Department of Corr., 66 F.3d 245, 248 (9th Cir. 1995). A district court should not, however, advise the litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); Lopez, 203 F.3d at 1131 n.13.

**II. Standard Of Review For The Motion For More Definite Statement.**

Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement when a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." The Supreme Court of the United States has stated that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for

3

a more definite statement under Rule 12(e) before responding." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  A motion for a more definite statement is proper in two types of situations.  2 James Wm. Moore, Moore's Federal Practice ("Moore's Federal Practice") at § 12.36[1] (3d ed. 1997).  First, when a complaint is overly prolix or complex.  Id.  Second, when the complaint does not contain allegations of each element of each cause of action.  Id.

## ANALYSIS

In her Complaint, Plaintiff appears to allege claims for unfair and deceptive trade practices, in violation of Hawaii Revised Statutes Chpt. 480, and fraud, in violation of 18 U.S.C. §§ 1341-1348.  Defendants ONEWEST Bank, FSB, and Routh Crabtree and Olsen, PS, move to dismiss Plaintiff's Complaint in accordance with Rules 8, 9, 11, and 12 of the Federal Rules of Civil Procedure.  Defendants move in the alternative for a more definite statement.

Plaintiff did not file an Opposition to Defendants' motion.

**A.   Plaintiff's Complaint Does Not Provide Defendants With Sufficient Notice Of Her Claims.**

Plaintiff's Complaint provides an overly detailed description of Generally Accepted Accounting Principles ("GAAP"), the Financial Accounting Standards Board ("FASB"), the Securities and Exchange Commission ("SEC"), and the Internal Revenue Service ("IRS").  (Complaint at ¶¶ 15-22).  She does not, however, link

the descriptions of these terms to any parties' alleged actions. Plaintiff's descriptions are confusing at best.

In addition to being confusing, Plaintiff's Complaint does not contain allegations of each element of each cause of action. Plaintiff alleges that Defendants committed an unfair and deceptive trade practice, in violation of Hawaii Revised Statutes §§ 480-2 and 480-13.  In Davis v. Wholesale Motors, Inc., the Supreme Court of Hawaii stated that the elements necessary to recover on an unfair or deceptive trade acts or practices claim under H.R.S. § 480-13(b) are: (1) a violation of H.R.S. § 480-2; (2) injury to the consumer caused by such a violation; and (3) proof of the amount of damages.  86 Hawaii 405, 417 (internal citations omitted).   Under H.R.S. § 480-2(a), "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."  The Supreme Court of Hawaii has stated that a deceptive act or practice is: (1) a representation, omission, or practice that (2) is likely to mislead consumers acting reasonably under the circumstances where (3) the representation, omission, or practice is material. Courbat v. Dahana Ranch, Inc., 111 Hawaii 254, 262 (2006) (internal citation omitted).  Plaintiff's Complaint does not allege all of these elements.

In addition to her claim for unfair or deceptive trade practices, Plaintiff alleges that Defendants committed fraud, in

5

violation of 18 U.S.C. §§ 1341-1348.[1]  These are criminal provisions, and Plaintiff does not offer support to show that a private right of action exists to pursue her allegations in a civil lawsuit.

If Plaintiff intends to pursue a common law claim of fraud, the elements under Hawaii law are:  (1) false representations made by the defendant; (2) with knowledge of their falsity (or without knowledge of their truth or falsity); (3) in contemplation of plaintiff's reliance upon them; and (4) plaintiff's detrimental reliance.  <u>Hawaii's Thousand Friends v. Anderson</u>, 70 Hawaii 276, 286 (1989).  Plaintiff's Complaint does not allege all of these elements.

Plaintiff's Complaint fails to state a claim upon which relief may be granted.  Defendants' motion to dismiss is **GRANTED**.  The motion for a more definite statement is **DENIED**.

### B.   The Court Does Not Reach Defendants' Argument As To A Condition Precedent.

Defendants argue that Plaintiff's Complaint should be dismissed for failure to allege that all conditions precedent required by the mortgage have been satisfied, in violation of Federal Rule of Civil Procedure 9(c).  The Court has granted

---

[1] Title 18 U.S.C. §§ 1341 (Frauds and swindles), § 1342 (Fictitious name or address), § 1343 (Fraud by wire, radio, or television), § 1344 (Bank fraud), § 1345 (Injunctions against fraud), § 1346 (Definition of "scheme or artifice to defraud"), § 1347 (Health care fraud), § 1348 (Securities and commodities fraud).

Defendants' motion to dismiss and does not reach this additional argument.

## C.    Plaintiff's First Amended Complaint.

The Court must construe *pro se* pleadings liberally and afford *pro se* litigants the benefit of any doubt.  As the Court is unable to determine whether amendment to this pleading would be futile, leave to amend is granted.  Any amended complaint supercedes the original Complaint.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258 (9th Cir. 1992).  After amendment, the Court will treat the original Complaint as nonexistent.  <u>Id.</u> at 1262.  Any cause of action that was raised in the original Complaint is waived if it is not raised again in the First Amended Complaint.  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

By September 9, 2010, Plaintiff may submit a First Amended Complaint to cure the deficiencies discussed above.  The Court puts Plaintiff on notice that the First Amended Complaint must not contain any extraneous exhibits or attachments.  Plaintiff must also affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff.

Plaintiff stated at the August 5, 2010 hearing on this matter that she has filed for bankruptcy.  She did not, however, provide the Court with any written or oral notice of the particulars as to the court, type of bankruptcy, or date thereof.  Without this information, the Court is unable to conclude whether

a stay of this action is appropriate.  The Court will take appropriate action if proper filings indicate a different course of action is warranted.

## CONCLUSION

(1) Defendants ONEWEST Bank, FSB and Routh Crabtree and Olsen, PS's motion entitled, "Motion To Dismiss, Or In The Alternative, For A More Definite Statement," filed July 2, 2010, (Doc. 5), is **GRANTED;**

    (a) Plaintiff's Complaint, filed May 21, 2010, (Doc. 1), is **DISMISSED WITH LEAVE TO AMEND;**

    (b) Defendant's request for a more definite statement is **DENIED;**

(2) Plaintiff must file a First Amended Complaint on or before September 9, 2010, or the action will be dismissed.

IT IS SO ORDERED.

DATED: August 6, 2010, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

Butler v. ONEWEST Bank, FSB, *et al.*; Civ. No. 10-00300 HG-KSC;
**ORDER GRANTING DEFENDANTS ONEWEST BANK AND ROUTH CRABTREE AND OLSEN'S MOTION TO DISMISS (DOC. 5).**